**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 25-cv-24759-BB/DSW**

WILLIANNE ETIENNE,

      **Plaintiff,**

**v.**

JASON A. REDING, PETH HEGSETH,
and JOHN RATCLIFFE,

      **Defendants.**

**REPORT AND RECOMMENDATION
TO DISMISS CASE WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court on a *sua sponte* review of the record. This case has been assigned to the Honorable Beth Bloom, and the undersigned is assigned to the case in accordance with Administrative Order 2025-11. [ECF Nos. 5, 6]. Upon thorough and careful review of the record, the undersigned respectfully recommends that this case be **DISMISSED WITHOUT PREJUDICE** for the reasons outlined below.

On October 15, 2025, pro se Plaintiff Willianne Etienne ("Plaintiff") filed a Complaint against Defendants Jason A. Reding, Peth Hegseth, and John Ratcliffe (collectively, "Defendants"). [ECF No. 1]. Plaintiff did not pay the filing fee, nor did she file an Application to Proceed in District Court Without Prepaying Costs (Long Form). On February 12, 2026, the Court entered a *sua sponte* order to show cause, ordering Plaintiff to either (1) pay the filing fee, or (2) file an Application to Proceed in District Court Without Prepaying Costs (Long Form) by March

1

6, 2026. [ECF No. 4]. However, to date, Plaintiff has not paid the filing fee and has not filed an Application to Proceed in District Court Without Prepaying Costs (Long Form).

When a plaintiff fails to comply with the Court's order to pay the filing fee, or as in this case when the Court gave Plaintiff the opportunity to demonstrate her indigency, "[f]ederal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Acosta v. Soc. Sec. Admin.,* No. 25-CV-23879, 2025 WL 3897565, at *2 (S.D. Fla. Dec. 16, 2025), *report and recommendation adopted*, No. 25-23879-CIV, 2026 WL 36458 (S.D. Fla. Jan. 6, 2026); *accord Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017). "The goal of this sanction is 'to prevent undue delays in the disposition of pending cases and to avoid congestion in the' court's calendar so that the court can "achieve the orderly and expeditious disposition of cases." *Acosta*, 2025 WL 3897565, at *2.

The Court has already given Plaintiff the opportunity to pay the filing fee or file an Application to Proceed in District Court Without Prepaying Costs (Long Form) by March 6, 2026 and has warned Plaintiff that failure to do so may result in dismissal. *See* [ECF No. 4].  Plaintiff has still failed to comply with the order and her failure to comply has caused delay in this case. For these reasons, the undersigned hereby **RECOMMENDS** that the Court exercise its inherent power to **DISMISS** this case without prejudice.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1). Any response shall be filed within **seven (7) days** of the objections. The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on

unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 11th day of March, 2026.

_____
**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc:    All Counsel of Record

Willianne Etienne, Pro Se
6232 NW 36th Ave
Coconut Creek, Florida 33073

3